**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN WATSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 08-013 |
| vs. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S**
**OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Matthew A. Kaplan (Del. Bar. #4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
kaplanm@pepperlaw.com

Dated: January 10, 2008

*Attorneys for Defendants Hartford Life and Accident Insurance Company*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

I. NATURE AND STAGE OF THE PROCEEDINGS .......... 1

II. SUMMARY OF ARGUMENT .......... 1

III. STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 2

IV. ARGUMENT .......... 4

A. Standard for a Motion to Dismiss. .......... 4

B. Plaintiff's Complaint Should Be Dismissed Because The Claims Asserted Therein Are Preempted by ERISA. .......... 5

C. Plaintiff's Complaint Should be Dismissed for Failure to Exhaust Administrative Remedies .......... 6

D. Plaintiff's Complaint Should Be Dismissed With Prejudice on the Grounds His Claims Are Barred by the Statute of Limitations .......... 9

V. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Bennett v. Prudential Ins. Co.*,
2006 U.S. App. LEXIS 21138 (3d Cir. Aug. 17, 2006)....7

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)....4

*D'Amico v. CBS Corp.*,
297 F.3d 287 (3d Cir. 2002)....2, 6

*Ercole v. Conectiv*,
2003 U.S. Dist. LEXIS 8115 (D.Del. May 15, 2003)....6

*Ford v. Unum Life Ins. Co. of Am.*,
2006 U.S. Dist. LEXIS 13643 (D. Del. Mar. 9, 2006)....6

*In re Fruehauf Trailer Corp.*,
250 B.R. 168 (D. Del 2000)....4

*Gambino v. Arnouk*,
2007 U.S. App. LEXIS 9023 (3d Cir. Apr. 17, 2007)....7, 8

*Garner v. Capital Blue Cross*,
859 F. Supp. 145 (M.D. Pa. 1994)....6

*Harrow v. Prudential Ins. Co. of Am.*,
279 F.3d 244 (3d Cir. 2002)....2, 6

*Lempa v. Rohm & Haas Co.*,
2007 U.S. Dist. LEXIS 20015 (E.D. Pa. Mar. 20, 2007)....6

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985)....5



#9205021 v1

*Metro. Life Ins. Co. v. Taylor*,
481 U.S. 58 (1987)....................................................................................................6

*Oatway v. Am. Int'l Group*,
2002 U.S. Dist. LEXIS 1771 (D.Del. 2002) ............................................................5

*Pilot Life Ins. Co. v. Dedeaux*,
481 U.S. 41 (1997)....................................................................................................6

*Shatzer v. Conn. Gen. Life Ins. Co.*,
2007 U.S. Dist. LEXIS 30398 (M.D. Pa. Apr. 25, 2007) .........................................6

*Shaw v. Delta Air Lines, Inc.*,
463 U.S. 85 (1983)....................................................................................................5

*Syed v. Hercules Inc. Income Pro. Plan*,
214 F.3d 155 (3d Cir. 2000)..................................................................................2, 9

*The 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*,
968 F.2d 401 (3d Cir.1992)...................................................................................1, 5

*Toy v. Plumbers & Pipefitters Local Union*,
439 F. Supp. 2d 337 (D. Del. 2006).........................................................................9

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
140 F.3d 478 (3d Cir. 1998).....................................................................................4

*Weldon v. Kraft, Inc.*,
896 F.2d 793 (3d Cir. 1990)..................................................................................2, 7

**STATUTES**

28 U.S.C. § 1441(b) ..........................................................................................................5

29 C.F.R. § 2560.503-1(h) ..............................................................................................8, 9

29 U.S.C. §§ 1001.............................................................................................................5

29 U.S.C. § 1002...........................................................................................................1, 6

29 U.S.C. §§ 1144(a) ....................................................................................................1, 5

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq* .............................1

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 2, 4, 12

## I. NATURE AND STAGE OF THE PROCEEDINGS

Defendant Hartford Life and Accident Insurance Company ("Hartford") submits this brief in support of its motion to dismiss the above-captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In his complaint plaintiff seeks to set forth a state law breach of contract action against Hartford arising out of its decision with respect to his application for disability benefits in 2004. Plaintiff's complaint, should be dismissed because (1) his common law claim for breach of contract is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"); (2) plaintiff failed to exhaust his administrative remedies; and (3) his claim is barred by the applicable statute of limitations.

## II. SUMMARY OF ARGUMENT

1. Plaintiff's claims are preempted by ERISA, and therefore his Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §§ 1144(a). The Third Circuit has concluded that a state law claim is preempted by ERISA if "the existence of an ERISA plan was a crucial factor in establishing liability, and the trial court's inquiry would be directed to the plan...." *The 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir.1992), *cert. denied*, 506 U.S. 1086 (1993). Plaintiff's claim, that he allegedly was denied benefits to which he was entitled pursuant to the terms of the "employee welfare benefit plan", *see* 29 U.S.C. § 1002, is preempted by ERISA.

2. Plaintiff did not appeal Hartford's decision prior to commencing suit in this Court, and therefore, his Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to exhaust administrative remedies. Before a federal district court will entertain an ERISA claim, a plaintiff must exhaust all administrative remedies available under the plan. *See D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002); *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249-250 (3d Cir. 2002); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990). Plaintiff has not exhausted his administrative remedies because he never filed an appeal after his claim was terminated due to his failure to submit satisfactory Proof of Loss, as required by the Plan. Moreover, a remand would be futile because plaintiff failed to abide by the time limits set forth in the initial denial letter and is therefore precluded from exhausting his remedies.

3. Plaintiff's claims under ERISA are barred by the applicable statute of limitations and therefore, his claims should be dismissed. The Third Circuit has determined that the Delaware one-year statute of limitations covering employment disputes is applicable to ERISA claims like plaintiff's. *Syed v. Hercules Inc. Income Protection Plan*, 214 F.3d 155, 160-161 (3d Cir. 2000). Plaintiff did not exhaust his remedies and for this reason alone, his complaint should be dismissed. Even if the Court were to assume that plaintiff had exhausted his remedies, his Complaint is still time-barred because it was filed more than two years after the time that a final denial would have been issued.

## III. **<u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>**

Plaintiff, a resident of Delaware, participated in an ERISA-qualified plan ("Plan") for long term disability ("LTD") benefits. (*See* New Castle County Complaint (the "Complaint") ¶¶ 1, 3, attached as Exhibit "A" to Hartford's Notice of Removal

("Notice of Removal"), D.I # 1). As a result of a work-related injury in August 2001, plaintiff applied for LTD benefits under the Plan. (Affidavit of Kathy Speer ("Speer Aff.") ¶ 3, to be filed concurrently with this Brief). His benefits were approved and he received benefits from January 18, 2003 through September 30, 2004. (Speer Aff. ¶ 4). By letter dated October 7, 2004, and with an effective date of October 1, 2004, Hartford terminated plaintiff's claim for benefits because plaintiff failed to provide satisfactory Proof of Loss as requested in numerous letters and faxes from Hartford. (Speer Aff. ¶ 6). To be paid monthly benefits, the Plan requires Mr. Watson to submit Proof of Loss, such as documentation of the date, cause and prognosis of the alleged disability as well as medical information to support his claim. (Speer Aff. ¶ 5). Benefits may be terminated for failure to furnish Proof of Loss, when requested by Hartford. (Speer Aff. ¶ 5).

In the October 7, 2004 letter, Hartford explained to Mr. Watson how to appeal the decision and again informed him of the specific Proof of Loss information necessary for a determination of his claim. (Speer Aff. ¶ 7). Pursuant to the terms of the Plan, the October 7, 2004 letter also gave Mr. Watson one hundred and eighty (180) days from the day he received the letter to appeal the denial. (Speer Aff. ¶ 8). Mr. Watson did not appeal Hartford's October 7, 2004 decision regarding his application for LTD benefits and did not submit the requested Proof of Loss. (Speer Aff. ¶¶ 9-10).

Over three years later, on October 12, 2007, plaintiff filed a complaint in the Superior Court in and for New Castle County, Delaware. *John Watson v. Hartford Life and Accident Insurance Company*, C.A. No. 07C-10-135 JEB. In the Complaint, plaintiff alleges he became disabled in August 2001 and that Hartford has refused to pay LTD benefits to him since September 2004. (Complaint ¶¶ 3-7, Ex. A to Notice of

Removal, D.I # 1).[1] Plaintiff attempts to set forth a common law breach of contract claim based on Hartford's alleged denial of his claim for disability benefits. (Complaint ¶¶ 3-8, Ex. A to Notice of Removal, D.I. #1) Hartford removed the Complaint to the United States District Court for the District of Delaware on January 7, 2008, on the basis of federal question jurisdiction, 28 U.S.C. § 1441(b). (Notice of Removal, D.I. #1, at ¶¶ 3-11). Hartford subsequently moved to dismiss plaintiff's claim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted and files this brief in support of that motion.

## IV. **ARGUMENT**

### A. Standard for a Motion to Dismiss.

The standard for a motion to dismiss pursuant to Rule 12(b)(6) is well established:

> A motion to dismiss pursuant to the provisions of Rule 12(b)(6) should not be granted unless, accepting all allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the court rules that the plaintiff is not entitled to relief as a matter of law. *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 183 (D. Del 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997); *see also* *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) ("A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington*, 114 F.3d at 1420.

[1] In his Complaint, plaintiff alleges that "since September 2002, Defendant has refused to pay total disability benefits" and seeks "reinstatement of his total disability benefits dating back to 2002." Since plaintiff received LTD benefits until September 30, 2004, it is assumed that plaintiff meant to state "2004" instead of "2002" in his Complaint.

*Oatway v. Am. Int'l Group*, 27 Employee Benefits Cas. (BNA) 2404, 2002 U.S. Dist. LEXIS 1771 *5 (D.Del. 2002), *aff'd* 2003 U.S. App. LEXIS 7051 (3d Cir. Apr. 14, 2003) (granting motion to dismiss).

Accepting all allegations in plaintiff's complaint as true, his state law breach of contract claim is preempted. Moreover, plaintiff has not exhausted his remedies and even if he had exhausted such remedies, his ERISA claim is time-barred by the statute of limitations. Therefore, plaintiff's complaint should be dismissed.

B. Plaintiff's Complaint Should Be Dismissed Because The Claims Asserted Therein Are Preempted by ERISA.

ERISA is a comprehensive statute enacted "to promote the interests of employees and their beneficiaries in employee benefit plans," *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983), and "to protect contractually defined benefits." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985). *See also* 29 U.S.C. §§ 1001. Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §§ 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). The Third Circuit has concluded that a state law claim is preempted by ERISA if "the existence of an ERISA plan was a crucial factor in establishing liability, and the trial court's inquiry would be directed to the plan..." *The 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir.1992), *cert. denied*, 506 U.S. 1086 (1993). Plaintiff's claim, that he allegedly was denied benefits to which he was entitled pursuant to the terms of the Plan, is preempted.

The Plan, established by Waste Management, Inc. to provide its employees with, *inter alia*, disability benefits, is an "employee welfare benefit plan" governed by ERISA. 29 U.S.C. § 1002. Plaintiff's complaint, in which he seeks damages for Hartford's alleged breach of contract is preempted by ERISA. *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987) (claim for a denial of benefits, asserted under common law principles, is preempted by ERISA); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55 (1997) (common law claims preempted by ERISA); *Ford v. Unum Life Ins. Co. of Am.*, No. 05-105, 2006 U.S. Dist. LEXIS 13643 *5 (D. Del. Mar. 9, 2006) (state law breach of contract claim preempted); *Ercole v. Conectiv*, No. 03-186, 2003 U.S. Dist. LEXIS 8115 *7 (D.Del. May 15, 2003) (same). *See also Shatzer v. Connecticut General Life Insurance Co.*, No. 1:06-CV-2296, 2007 U.S. Dist. LEXIS 30398 *14-15 (M.D. Pa. Apr. 25, 2007) (dismissing state law breach of contract claim); *Lempa v. Rohm & Haas Co.*, No. 05-cv-0985, 2007 U.S. Dist. LEXIS 20015 *10 (E.D. Pa. Mar. 20, 2007) (same); *Garner v. Capital Blue Cross*, 859 F. Supp. 145, 149 (M.D. Pa. 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995), *cert. denied*, 516 U.S. 870 (1995) ("ERISA preempts action for breach of contract."). Because plaintiff's claim that Hartford breached a contract with him by allegedly denying him benefits is preempted by ERISA, plaintiff's complaint should be dismissed with prejudice.

C. Plaintiff's Complaint Should be Dismissed for Failure to Exhaust Administrative Remedies.

Before a federal district court will entertain an ERISA claim, a plaintiff must exhaust all administrative remedies available under the plan. *See D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002) (exhaustion of remedies is required in claims for benefits); *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249-250 (3d Cir. 2002)

(discussing importance of exhaustion requirement); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) (same).

The Third Circuit Court of Appeals recently explained the importance of this requirement:

> Except in limited circumstances, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan. . . The exhaustion requirement serves a number of important Plan interests, including helping reduce the number of frivolous lawsuits under ERISA, promoting consistent treatment of claims, providing a nonadversarial method to settle claims, and minimizing costs of settlement.

*Gambino v. Arnouk,* No. 06-98, 2007 U.S. App. LEXIS 9023 *17-18 (3d Cir. Apr. 17, 2007) (internal citations omitted). Even where a claim has been denied at the initial review, a plaintiff still may not bring suit until he or she completes the administrative appeal process or otherwise demonstrates futility. *Bennett v. Prudential Ins. Co.*, No. 05-5033, 2006 U.S. App. LEXIS 21138 *7-8 (3d Cir. Aug. 17, 2006) (affirming dismissal of ERISA claim where plaintiff failed to file administrative appeal); *Weldon,* 896 F.2d at 800 (3d Cir. 1990) (same).[2]

Plaintiff has not exhausted his administrative remedies because he never filed an appeal after his claim was terminated due to his failure to submit satisfactory Proof of Loss, as required by the Plan. Letters and faxes were sent to plaintiff requesting information for the determination of his claim. (Speer Aff. ¶ 6). Plaintiff did not respond and pursuant to the terms of the Plan, his claim was terminated by letter dated October 7,

[2] Plaintiff has not alleged that it would be futile for him to pursue his administrative remedies nor could he given that he has never even attempted to appeal Hartford's decision. *See Bennett*, 2006 U.S. App. LEXIS 21138 *7-8 (upholding District Court's decision to dismiss the case and not apply the futility exception where claimant had "not availed himself of all of the Plan's available review procedures," despite the insurer's denial of benefits letter which "explained to [claimant] how to appeal that determination" and where there was no indication that claimant's claim would be denied on appeal.)

2004. (Speer Aff. ¶ 6). In that letter, Hartford specifically told plaintiff how and when to appeal the decision and again informed him of the specific Proof of Loss information that was necessary for a determination of his claim. (Speer Aff. ¶¶ 7). Plaintiff did not appeal and did not submit the requested Proof of Loss. (Speer Aff. ¶¶ 6-10). In fact, Hartford did not receive any correspondence from plaintiff for almost a year after the October 7, 2004 denial letter. The next correspondence from plaintiff was a letter dated September 7, 2005. (Speer Aff. ¶ 10). This letter concerned the overpayment of benefits to plaintiff and did not attach additional evidence of Proof of Loss, as requested in the denial letter, or declare an appeal of the decision. (Speer Aff. ¶ 10). Therefore, plaintiff's ERISA claim should not be entertained by the Court as he has failed to exhaust his administrative remedies. *See Gambino,* 2007 U.S. App. LEXIS 9023 *17-18.

Moreover, a remand would be futile because plaintiff failed to abide by the time limits set forth in the initial denial letter and is therefore precluded from exhausting his remedies. Pursuant to the terms of the Plan, the October 7, 2004 letter gave plaintiff one hundred and eighty (180) days from his receipt of the letter to appeal the denial.[3] (Speer Aff. ¶ 8). Assuming plaintiff received the denial letter soon after October 7, 2004, plaintiff's appeal would have been due on or around April 5, 2005.[4] A remand would be futile because plaintiff has already allowed the period to lapse. Indeed, the period for filing an appeal lapsed more than two (2) years *before* plaintiff filed suit. Therefore, plaintiff's claim should be dismissed.

---

[3] Section 2560.503-1(h)(3)(i) of the ERISA regulations, as applied to plans providing for disability benefits, requires that claims procedures "provide claimants at least 180 days following receipt of a notification of an adverse benefit determination within which to appeal the determination." 29 C.F.R. § 2560.503-1(h).

[4] Even if the Court were to assume that plaintiff's September 7, 2005 letter constituted an appeal, it would still be untimely as it was not sent until five (5) months after the 180 day appeal period lapsed.

D. Plaintiff's Complaint Should Be Dismissed With Prejudice on the Grounds His Claims Are Barred by the Statute of Limitations.

Finally, plaintiff's claims for benefits are barred by the statute of limitations. Because the ERISA statute does not specifically provide for a time period in which to bring a Section 502 benefits claim, courts generally turn to the most analogous state statute of limitations. The Third Circuit has determined that the Delaware one-year statute of limitations covering employment disputes is applicable to ERISA claims like plaintiff's. *Syed v. Hercules Inc. Income Protection Plan*, 214 F.3d 155, 160-161 (3d Cir. 2000). "A claimant has one year from the time he or she exhausts administrative remedies to bring a claim." *Toy v. Plumbers & Pipefitters Local Union*, 439 F. Supp.2d 337, 340 (D. Del. 2006).

As explained above, plaintiff did not exhaust his remedies and for this reason alone, his complaint should be dismissed. Even if the Court were to assume that plaintiff had exhausted his remedies, however, his Complaint is still time-barred. After his claim was denied on October 7, 2004, plaintiff had 180 days, or until April 5, 2005 to appeal that decision. (Speer Aff. ¶ 8). *See also* 29 C.F.R. § 2560.503-1(h)(4). Assuming he had filed his appeal on the last available day, Hartford would have had 45 days, or until May 20, 2005 to make a determination on his appeal. 29 C.F.R. § 2560.503-1(i)(3)(i). Even if Hartford had availed itself of the 45 day extension permitted by the regulations, the decision would have been rendered by July 5, 2005. *See id.*

After this final denial letter plaintiff would have had one (1) year, or until July 5, 2006, at the latest, to file a complaint. Plaintiff, however, did not file his Complaint until October 12, 2007; more than two years after the time that a final denial would have been issued if he had exhausted his administrative remedies. Because he did

not file his claim in a timely fashion, plaintiff's complaint is barred by the statute of limitations and should be dismissed.

## V. **CONCLUSION**

Based on the foregoing, Hartford Life and Accident Insurance Company requests that this Court dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Respectfully submitted,

/s/ Matthew A. Kaplan
Matthew A. Kaplan (Del Bar #4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
kaplanm@pepperlaw.com

Date: January 10, 2008

*Attorneys for Defendants Hartford Life and Accident Insurance Company*

**CERTIFICATE OF SERVICE**

I, Matthew A. Kaplan, hereby certify that on January 10, 2008, a copy of the foregoing Opening Brief of Hartford Life and Accident Insurance Company in Support of Its Motion to Dismiss was served upon the following counsel of record by CM/ECF and by hand delivery:

Brian E. Lutness, Esquire
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805

/s/ Matthew A. Kaplan
Matthew A. Kaplan (Del. Bar #4956)