IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN WATSON,

        Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

NO. 08-013

## AFFIDAVIT OF KAREN SPEER

I, Karen Speer, provide the following affidavit:

1. I am a Long Term Disability Claims Specialist for Hartford Life and Accident Insurance Company ("Hartford").

2. I understand that John Watson claims to be entitled to receive long term disability ("LTD") benefits through policy of insurance issued by Hartford to Waste Management, Inc., Policy Number GLT-0044353 ("Policy"). (A copy of the Policy is attached as Exhibit A).

3. Mr. Watson submitted a claim for long term disability ("LTD") benefits arising from a work-related accident that occurred on August 17, 2001.

4. Mr. Watson's Long Term Disability ("LTD") benefits were approved and he received benefits from January 18, 2003 through September 30, 2004. (A copy of the letter dated February 11, 2003, approving Mr. Watson's claim for LTD benefits is attached hereto as Exhibit B).

5. To be paid monthly benefits, the Policy requires Mr. Watson to submit Proof of Loss, such as documentation of the date, cause and prognosis of the alleged disability as

well as medical information. (*See* Exhibit A, p. 6, 14). Benefits may be terminated for failure to furnish Proof of Loss, when requested by Hartford. (*See* Exhibit A, p. 7).

6. Because Mr. Watson failed to provide satisfactory Proof of Loss as requested in numerous letters and faxes from Hartford, by letter dated October 7, 2004, Hartford terminated Mr. Watson's LTD benefits with an effective date of October 1, 2004. (A copy of this letter is attached hereto as Exhibit C).

7. In the October 7, 2004 letter, Hartford explained to Mr. Watson how to appeal the decision and again informed him of the specific Proof of Loss information necessary for a determination of his claim.

8. Pursuant to the terms of the Policy, the October 7, 2004 letter also informed Mr. Watson that he had one hundred and eighty (180) days from the day he received the letter to appeal the denial. (*See* Exhibit A, p. 15).

9. I have reviewed Hartford's records related to Mr. Watson. Based on that review, Mr. Watson did not appeal Hartford's October 7, 2004 decision regarding his application for LTD benefits and did not did not attach the requested Proof of Loss.

10. The next correspondence Hartford received regarding Mr. Watson was a letter dated September 7, 2005, which relates to an overpayment of benefits to him. The September 7, 2005, letter did not attempt to appeal the October 7, 2004 decision. (A copy of this letter is attached hereto as Exhibit D).

11. I declare under the penalties of 28 U.S.C. § 1746 that the above is true and correct.

                                                                                                 Karen Speer

Sworn to and subscribed before me this 4th day of January, 2008.

_____
Notary Public

## CERTIFICATE OF SERVICE

I, Matthew A. Kaplan, hereby certify that on January 10, 2008, I caused a copy of the foregoing *Affidavit of Karen Speer, together with the Exhibits,* to be served upon the following counsel of record via hand delivery:

>Brian E. Lutness, Esquire
>1010 N. Bancroft Parkway, Suite 22
>Wilmington, DE  19805

>/s/ Matthew A. Kaplan
>Matthew A. Kaplan (Del Bar #4956)

# EXHIBIT "A"

**THESE DOCUMENTS WERE FILED UNDER SEAL**

# EXHIBIT "B"

**THESE DOCUMENTS WERE FILED UNDER SEAL**

# EXHIBIT C



# Hartford Life

October 7, 2004

Brian Lutness
Silverman And Mcdonald
1010 North Bancroft Parkway
Wilmington, DE 19805

Policy Holder:   Waste Management, Inc.
Claimant:        John M. Watson
Policy Number:   GLT044353

Dear Mr. Lutness:

We are writing to you concerning Mr. Watson's claim for Long Term Disability (LTD) benefits. These benefits are under the group insurance policy number GLT044353 for Waste Management, Inc.

We have completed our review of your client's claim for benefits and have determined you have not provided The Hartford with satisfactory Proof of Loss. Accordingly, LTD benefits are not payable to your client under the terms of this policy beyond 9/30/04.

The policy states on page 37:
"What is Proof of Loss?
Proof of Loss may include but is not limited to the following:
(1) Documentation of:
    (a) the date your Disability began;
    (b) the cause of your Disability;
    (c) the prognosis of your Disability;
    (d) your Earnings or income, including but not limited to copies of your filed and signed federal and state tax returns; and
    (e) evidence that you are under the Regular Care of a Physician;
(2) any and all medical information, including x-ray films and photocopies of medical records, including histories, physical, mental or diagnostic examinations and treatment notes;
(3) the names and addresses of all:
    (a) Physicians and practitioners of healing arts you have seen or consulted;
    (b) hospitals or other medical facilities in which you have been seen or treated; and
    (c) pharmacies which have filled your prescriptions

    within the last three years;
(4) your signed authorization for us to obtain and release
    (a) medical, employment and financial information, and
    (b) any other information we may reasonably require.

Benefit Management Services
Atlanta Disability Claim Office

HLI0148

(5) your signed statement identifying all Other Income Benefits; and
(6) proof that you and your dependents have duly applied for all Other Income benefits which are available. You will not be required to claim any retirement benefits which you may only get on a reduced basis.

All proof submitted must be satisfactory to us.

Written Proof of Loss must be sent to us within 90 days after the start of the period for which we owe payment. If proof is not given by the time it is due, it will not affect the claim if:
(1) it was not possible to give Proof of Loss within the required time; and
(2) proof is given as soon as possible; but
(3) not later than 1 year after it is due, unless you are not legally competent.

When must proof of Loss be given?
We may request Proof of Loss throughout your Disability. In such cases, we must receive the proof within 30 days of our request."

Your policy states on page 15:
"When will benefit payments terminate?
We will terminate benefit payment on the first to occur of:
(1) the date you are no longer Disabled as defined;
(2) the date you fail to furnish Proof of Loss, when requested by us;
(3) the date you are no longer under the Regular Care of a Physician, or refuse our request that you submit to an examination by a Physician;
(4) the date you die;
(5) the date your Current Monthly Earnings exceed:
   - 80% of your Indexed Pre-disability Earnings if you are receiving benefits for being Disabled from your occupation;
   or
   - an amount that is equal to 60% of your Indexed Pre-disability if you are receiving benefits for being Disabled from Any Occupation;
(6) the date no further benefits are payable under any provision in this plan that limits benefit duration;
(7) the date determined from the Maximum Duration of Benefits Table shown in the Schedule of Insurance;
(8) the date you refuse to participate in a Rehabilitation program or, refuse to cooperate with or try:
   (a) modifications made to the work site or job process to accommodate your identified medical limitations to enable you to perform the Essential Duties of Your Occupation;
   (b) adaptive equipment or devices designed to accommodate your identified medical limitations to enable you to perform the Essential Duties of Your Occupation;
   (c) modifications made to the work site or job process to accommodate your identified medical limitations to enable you to perform the Essential Duties of Any Occupation, if you were receiving benefits for being disabled from Any Occupation; or,
   (d) adaptive equipment or devices designed to accommodate your identified medical limitations to enable you to perform the Essential Duties [illegible]

HLI0149

benefits for being disabled from Any Occupation, provided a qualified Physician agrees that such modifications, Rehabilitation program or adaptive equipment accommodate your medical limitation; or

(9) the date you refuse to receive recommended treatment that is generally acknowledged by physicians to cure, correct or limit the disabling condition."

We based our decision to deny your claim on policy language. All the papers contained in your file were reviewed as a whole. This included:

- Letters to you dated 7/12/04, 8/13/04 and 8/20/04;

We wrote to you on 7/12/04 and 8/13/04 requesting completion of the Claimant Questionnaire. At that time we also requested that Mr. Watson have his Attending Physician complete and return an Attending Physician's Statement.

We wrote to you again on 8/20/04 requesting you complete and return the Claimant Questionnaire. This letter also reminded you to have the physician send in the completed Attending Physician's Statement. You were advised in that letter that failure to provide this information could result in termination of his LTD claim.

We have not received any of this information in our office as of today.

Your lack of response and the lack of medical information hindered our ability to determine whether Mr. Watson continues to satisfy the provisions of the LTD policy. Because of this, his LTD benefits must be terminated effective 10/1/04.

The following information, not previously submitted, is necessary for a determination of the claim: specifically, a completed Claimant Questionnaire, and an Attending Physician's Statement clarifying specific restrictions and limitations. That information is necessary because we are unable to determine Mr. Watson's functionality without it. If you would like this information considered, we must receive it as soon as possible. Please send it to the claim office at the address shown on this letterhead.

The Employee Retirement Income Security Act of 1974 (ERISA) gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send us. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from your receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.

Once we receive your appeal, [illegible]
previously submitted and a[illegible]

HLI0150

of this review, we will advise you of our determination. After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

Please send your appeal letter to:

Claim Appeal Unit
Benefit Management Services
Hartford Life Insurance Company
P.O. Box 2999
Hartford, CT 06104-2999

If you have any questions, please feel free to contact our office at (800) 445-9057, x64350. Our office hours are 8:00 AM to 6:00 PM EST, Monday through Friday.

Sincerely,

Caroline C. Bowen, Senior Examiner
Hartford Life and Accident Insurance Co.

Benefit Management Services
Group Disability Claim Office

HLI0151

# EXHIBIT D

# SILVERMAN McDONALD & FRIEDMAN
*Attorneys at Law*

1010 NORTH BANCROFT PARKWAY
SUITE 22
WILMINGTON, DE 19805

MICHAEL L. SILVERMAN*
ROBERT C. McDONALD
JEFFREY S. FRIEDMAN
DONNA M. SCHNITZLER
BRIAN E. LUTNESS***
LYNN A. KELLY°
WILLARD F. PRESTON III**
ANDREA C. PANICCO

*ALSO ADMITTED IN PA
**ALSO ADMITTED IN NJ
***ALSO ADMITTED IN PA AND NJ
°ALSO ADMITTED IN MD
°°ADMITTED IN PA ONLY

TELEPHONE:
(302) 888-2900

TELECOPIER:
(302) 888-2923

September 7, 2005

Michael Zito, Esquire
Lathrop & Gage, LLC
Franklin Square, Suite 1050 East
1300 Eye Street Northwest
Washington, D.C. 20005

RE: **HARTFORD LIFE V. JOHN WATSON**
    **Claim Number: 245243704**
    **Amount of Claim: $15,886.60**

Dear Mr. Zito:

I received your letter to my client, John Watson, addressed to my law firm with some dismay. In my review of the letter, I note that you are trying to collect a debt that you allege due in the State of Delaware, based upon a Delaware contract. I do not know how your law firm believes they are licensed to practice in Delaware to perform this, but I will respond to your letter anyways.

First and foremost, I have contacted the Hartford and the prior claims adjustor and collection agency. I heard from both of them that they have the amount of the money given to my client, John Watson, completely wrong. He did not receive $15,886.60. If you are going to try to prove the claim, I would love to see any documents that show that, because they are simply non-accurate.

HLI0144

**SILVERMAN, McDONALD & FRIEDMAN**
RE: HARTFORD LIFE V. JOHN WATSON
September 7, 2005
Page Two

In addition, my client has recently sent your client, Hartford Life, documentation that he is now totally disabled and is still eligible for benefits under the Hartford Life policy. Based upon this, I believe that your client should begin crediting off the amount due on a monthly basis to the amount of my client's total disability payments.

Otherwise, as this matter proceeds forward, I would like to know what legal authority you rely on for any other letter that you sent my client.

Feel free to contact me with any questions you might have.

Very truly yours,

Brian E. Lutness

BEL/dd