IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John Watson,<br><br>   Plaintiff,<br><br>vs.<br><br>Hartford Life and Accident Insurance Company<br><br>   Defendant. | Civil Action No.: 1:08-cv-13 |

**PLAINTIFF JOHN WATSON'S ANSWERING BRIEF
IN OPPOSITION OF DEFENDANTS MOTION TO DISMISS**

              **SILVERMAN McDONALD & FRIEDMAN**


              /S/ Brian E. Lutness
              BRIAN E. LUTNESS, ESQUIRE
              Bar ID No.: 3572
              1010 N. Bancroft Parkway, Suite 22
              Wilmington, Delaware 19805
              (302) 888-2900
Dated: February 25, 2008      Attorney for Plaintiff

# **TABLE OF CONTENTS**

Table of Authorities..................................................................................................ii

I.   Nature and State of the Proceedings................................................................1

II.  Summary of Arguement....................................................................................1

III. Statement of Facts and Procedural History.....................................................2

IV.  Arguement..........................................................................................................2

    A.   Standard for a Motion to Dismiss...........................................................2

    B.   Plaintiff's Complaint should not be Dismissed because the
         Claims are not preempted by ERISA.......................................................3

    C.   Plaintiff's Complaint should not be Dismissed for failure to
         Exhaust administrative remedies............................................................4

    D.   Plaintiff's claim should not be Dismissed as the Plan
         Provides for a three year Statute of Limitations.....................................5

V.   Conclusion..........................................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*In re Burlington Coat Factory Sec. Litig.,*
    114 F. 3d 1410 (3d Cir. 1997)..................................................................2

*Hunter-Boykin v. The George Washington University,*
    329 U.S. App. D.C. 22 (1998).................................................................5

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
    926 F. 2d 1406 (3d Cir. 1991)..................................................................3

*Levone v. United Health Care Corporation,*
    402 F. 3d 156, 162 (3d Cir. 2005)............................................................3

*Metropolitan Life Insurance Co. v. Taylor,*
    481 U.S. 58, 63-64 (1987).........................................................................3

*Rice v. Panachal,*
    65 F. 3d 637, 640 (7th Cir. 1995)..............................................................4


**Statutes**                                                              **Page**

Employee Retirement Income Security Act
of 1974, 29 U.S.C. § 1001, *et seq*.....................................................1,3,4

Fed. R. Civ. P. 12(b)(6)..................................................................................1

I.   **Nature and Stage of the Proceedings**

Defendant, Hartford Life and Accident Insurance Company, ("Defendant") filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff, John Watson ("Mr. Watson"), hereby submits this Answering Brief in response to those claims. Defendant's Motion to Dismiss should be denied because: (1) Plaintiff's attempt to reinstate his claim for total disability was ignored without any offering of administrative remedies, and (2) the policy provides that the statute of limitations for failure to provide a proof of claim is three years, not the one year period as alleged in Defendant's brief.

II.  **Summary of Arguement**

1. Plaintiff admits that this claim is governed by ERISA.

2. Defendant initially accepted Mr. Watson's claim for total disability under the contract. Mr. Watson, due to lack of access to medical care, then became unable to provide the proof of claim documents including an Attending Physician's Statement that was requested by Defendant. Defendant terminated his benefits for this reason. Defendant did not appeal this decision. However, in September of 2005, Mr. Watson attempted to submit proof of claim documents in an attempt to reinstate the claim. Defendant never responded to his attempts to prove that he was not disabled as of September of 2005. Since Plaintiff was never given any administrative options he could not have exhausted them.

3. The policy in question provides a three year statue of limitations for failure to provide proof of loss documents. Since the suit was filed within three years of the final denial, the

statute of limitations was not violated.

### III. Statement of Facts and Procedural History

Mr. Watson was injured in August of 2001. Defendant approved Mr. Watson's claim for total disability benefits January 18, 2003 pursuant to their contract of disability insurance. (Carolyn Watson Letter). Those benefits were then reduced on July 12, 2004 to offset Mr. Watson's approval for disability through Social Security. Due to lack of access to medical care, Mr. Watson was unable to provide the proof of loss documents required by Hartford. Defendant terminated Mr. Watson's total disability benefits on October 7, 2004. Defendant gave Plaintiff one-hundred an eighty days (180) to appeal that denial. As Plaintiff was not actively receiving medical care he could not prove his total disability at that time.

In September of 2005, Mr Watson returned to Dr. King and began receiving disability notes. Mr. Watson contacted Hartford to claim a re-occurence of disability pursuant to the policy. The Hartford never responded to Mr. Watson's September request that he was now disabled. (September 7, 2005 letter).

On October 12, 2007 Plaintiff filed suit against Defendant alleging breach of contract.

### IV. ARGUMENT

A.   Standard for a Motion to Dismiss

A Motion to dismiss should be dismissed only, after accepting as true all facts alleged in the complaint, and drawing all reasonable inference in Plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3rd Cir. 1997). Moreover, a case

should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. Id. The moving party has the burden of persuasion. Kehr Packages, Inc. V. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991).

Accepting the allegations and facts, Plaintiff claim in 2005 that Mr. Watson was once again disabled was never considered and should not be dismissed.

    B.    Plaintiff's complaint should not be dismissed because the claims are not preempted by ERISA.

Plaintiff concedes that this matter is governed by ERISA. However the proper remedy is not dismissal of the claim. In fact, Plaintiff did not contest the removal of the case to Federal Court and Defendant never sought to have the case dismissed from State Court. In fact the breach and remedy complained of are identical.

Plaintiff's complaint as it stands is essentially seeking her rights under Section 502(a) of ERISA. Plaintiff is seeking payment of her long term disability benefits from a plan in which she economically contributed. Such claims should not be denied based on language and wording. In accordance with Levone, any claim brought for long term disability benefits under a plan, however stated in the complaint, is in essence a federal claim, and should be tried on the merits of the case. Levone v. United Health Care Corporation, 402 F. 3d 156, 162 (3rd Cir. 2005) citing Metro Life Insurance Co. V. Taylor, 481 U.S. 58, 63-64 (1987).

The doctrine of "complete preemption" is an exception to the well plead complaint rule. The doctrine provides that "to the extent that Congress has displaced a plaintiff's

state law claim, that intent informs the well-plead complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly "recharacterized" as a complaint arising under federal law. Rice v. Panachal, 65 F.3d 637, 640 (7th Cir. 1995), as amended on denial of reh'g (Nov. 6, 1995), citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). Therefore, federal subject matter jurisdiction exists if the complaint concerns an area of law which Congress has "completely preempted" by federal law, even if the complaint does not mention a federal basis of jurisdiction.

Plaintiff's Complaint should not be dismissed due to the theory of "complete preemption" under ERISA. Plaintiff originally filed her complaint in the Superior Court of the State of Delaware. Plaintiff's complaint was "well plead" in conformity with the rules of that court. Defendant chose to remove Plaintiff's action to Federal Court, to which Plaintiff did not object. Therefore, Defendant's argument that Plaintiff's complaint should be dismissed merely because it does not state a claim specifically under ERISA constitutes form over substance and should not hold great weight with this Court. ERISA governs claims made by beneficiaries when providers fail to pay the benefits owed. Plaintiff's claim, though improperly worded for Federal Court, is seeking the same relief that ERISA provides, payment of her benefits.

C.  Plaintiff's complaint should not be dismissed for failure to exhuast administrative remedies.

In September of 2005, Plaintiff contacted Defendant's counsel informing them that Plaintiff was once again totally disabled. Defendant never made any inquiry about Mr.

Watson's recurrent disability pursuant to page 7-8 of the Plan. Further, they never sent any letters about any administrative remedies of that request. Since no administrative remedies were provided, Plaintiff's case should not be dismissed for failure to exhaust the non-existent remedies.

    D.    Plaintiff's claim should not be dismissed as the Plan provides for a three year statute of limitations.

Defendant alleges that the statue of limitations for this claim is one-year. However, both sides agree that Plaintiff's benefits were not denied but rather terminated for failure to provide proof of loss documents. The Plan provides that Legal action cannot be taken against us:

> 1. Sooner than 60 days after due Proof of Loss has been furnished; or
> 2. Three years after the time Proof of Loss is required to furnished under the terms of the policy. (Plan at page 15)

Pursuant to Defendants own date, Plaintiff would have at least three years from April 5, 2005. This would leave the statute expiring April 5, 2008. It is black letter law that Parties can extend a statute of limitation contractually and that is what was done in this case pursuant to the Plan. <u>Hunter-Boykin v The George Washington University</u>, 329 U.S. App. D.C. 22 (1998).

Since the applicable Statute of Limitations provided for in the Plan is three years, Defendant's motion to dismiss must be denied.

V. **Conclusion**

Based upon the foregoing, Defendant's Motion to Dismiss must be denied.

                     SILVERMAN McDONALD & FRIEDMAN

                     /S/ Brian E. Lutness
                     **BRIAN E. LUTNESS, ESQUIRE**
                     **Bar ID No.: 3572**
                     **1010 N. Bancroft Parkway, Suite 22**
                     **Wilmington, Delaware 19805**
                     **(302) 888-2900**
                     **Attorney for Plaintiff**

## Certificate of Service

I, Brian E. Lutness, Esquire, do hereby certify that two copies of the Plaintiffs Brief in Opposition to Defendant's Motion to Dismiss were served on the following by CM/ECF and United States Mail, on February 25, 2008, to:

Matthew A. Kaplan, Esquire

/s/ Brian E. Lutness
Brian E. Lutness (Del. Bar # 3572)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

John Watson,

   Plaintiff,

vs.

Hartford Life and Accident Insurance
Company

   Defendant.

:
:
:
:     Civil Action No.: 1:08-cv-13
:
:
:
:
:

## ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of the Plaintiff's Opposition to Defendant's Motion to Dismiss, and the brief in support thereof, as well as the submissions of the Defendant, it is hereby ORDERED that the Defendant's Motion to Dismiss is Denied.

             BY THE COURT:


             _____
                          J.