**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN WATSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 08-013 |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**REPLY BRIEF OF DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY IN SUPPORT OF ITS MOTION TO DISMISS**

|  |  |
|---|---|
|  | Matthew A. Kaplan (#4956) |
|  | PEPPER HAMILTON LLP |
|  | Hercules Plaza, Suite 5100 |
|  | 1313 N. Market Street |
|  | P.O. Box 1709 |
|  | Wilmington, DE  19899-1709 |
|  | (302) 777-6500 |
| OF COUNSEL: | kaplanm@pepperlaw.com |

Brian P. Downey
PEPPER HAMILTON LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
downeyb@pepperlaw.com

*Attorneys for Defendants Hartford Life and
Accident Insurance Company*

Dated:  March 6, 2008

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................... 1

II. ARGUMENT ...................................................................................................................... 1

   A. Plaintiff's Complaint Should be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies ................................................................. 1

   B. Plaintiff's Complaint Should Be Dismissed Because His Claims Are Time Barred ............................................................................................. 3

III. CONCLUSION .................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**CASES** **Page**

*D'Amico v. CBS Corp.*,
 297 F.3d 287 (3d Cir. 2002)..................................................................................................5

*Syed v. Hercules Inc. Income Protection Plan*,
 214 F.3d 155 (3d Cir. 2000)...................................................................................................6

*The 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d
 401 (3d Cir.1992).....................................................................................................................7

*Winer Family Trust v. Queen*,
 503 F.3d 319 (3d Cir. 2007)...................................................................................................4

**STATUTES**

29 U.S.C. §1132(a)(1)(B) ...............................................................................................................4

Fed. R. Civ. P. 12(b)(6).................................................................................................................7

## I.   INTRODUCTION

Defendant Hartford Life and Accident Insurance Company ("Hartford"), by its undersigned attorneys, submits this reply brief in support of its motion to dismiss plaintiff's complaint. Although it is apparent that plaintiff John Watson ("plaintiff") has failed to exhaust his administrative remedies and that his claim is time-barred, plaintiff seeks to circumvent those obstacles by misrepresenting the contents of a letter sent by his counsel in September 2005. Because it is apparent from a review of that letter that it was not a request for Recurrent Disability benefits as provided under the Plan and, even if it were, that plaintiff could never receive those benefits, Hartford's motion should be granted and plaintiff's claim should be dismissed with prejudice.[1]

## II.   ARGUMENT

### A.   Plaintiff's Complaint Should be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies.

By letter dated October 7, 2004, Hartford terminated plaintiff's claim for benefits because plaintiff failed to provide satisfactory Proof of Loss. (*See* Affidavit of Karen Speer ("Speer Affidavit"), D.I. 5, ¶ 6, filed concurrently with Hartford's Brief in Support of its Motion to Dismiss, D.I. 4; a copy of the October 7, 2004 letter is attached to the Speer Affidavit as Exhibit C). Hartford informed plaintiff how and when to appeal the termination should he chose to do so. (*Id*. ¶ 7). Plaintiff did not appeal that denial because, by his own admission, he was "unable to provide the proof of claim documents, including the Attending Physician's Statement

---

[1] Plaintiff asserts that his common law breach of contract claim should be treated as a claim for benefits pursuant to Section 502(a)(1)(B) of ERISA. 29 U.S.C. §1132(a)(1)(B). Hartford assumes plaintiff is seeking leave to amend his complaint to set forth such a claim. Because plaintiff's claim is barred by the applicable statute of limitations and should otherwise be dismissed for failure to exhaust administrative remedies, plaintiff's request to amend should be denied on the grounds that such an amendment would be futile. *Winer Family Trust v. Queen*, 503 F.3d 319, 330-331 (3d Cir. 2007)(proper to deny leave to amend where amendment would be futile).

-2-

that was requested by Defendant." (Answering Brief in Opposition of Defendant's Motion to Dismiss ("Answering Brief"), D.I. 13, at 1). There is, therefore, no dispute that plaintiff did not exhaust his administrative remedies. Accordingly, plaintiff's claim should be dismissed for failure to exhaust his administrative remedies. *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002);

In an effort to overcome this obstacle, plaintiff attempts to misconstrue a letter his lawyer sent to another lawyer regarding a collection matter in September 2005. Plaintiff claims that he "contacted Defendant's counsel[2] [in September 2005] informing them that Plaintiff was once again totally disabled" and claimed "a re-occurrence of disability pursuant to the policy." (Answering Brief at 2, 4). Even a cursory review of the letter shows this claim is untrue. (*See* September 7, 2005 letter from Brian E. Lutness to Michael Zito, a copy of which is attached as Exhibit D to the Speer Affidavit; Speer Aff. ¶ 10). The letter addresses issues raised by Hartford's efforts to collect money owed to it by plaintiff. The letter in no way purports to make a claim for benefits under the Recurrent Disability portion of the Plan. Plaintiff's lawyer only claimed that plaintiff had "recently sent your client, Hartford Life, documentation that he is now totally disabled and is still eligible for benefits under the Hartford Life policy." (*Id*. at 2). Plaintiff's counsel did not list, describe or otherwise attach any of this "documentation." Moreover, contrary to the lawyer's understanding, plaintiff did not submit any such documentation. (*See* Speer Aff. ¶ 10). Therefore, plaintiff has never sought benefits under the Recurrent Disability provision of the Plan. Because he failed to make any such submission,

---

[2] The Hartford counsel referred to in this letter is the counsel who was retained to collect money that plaintiff owes to Hartford. It is not the same counsel that is involved in the present suit.

#9393279 v2

plaintiff's assertion that he was not provided the opportunity to exhaust administrative remedies in September 2005 is simply unsupportable.

Even if a letter to an outside lawyer regarding a collection claim could somehow be construed to be a claim for benefits under the "Recurrent Disability" provision of the Plan, however, plaintiff's claim is still without merit. The Plan provides benefits to a participant who has a "Recurrent Disability" *only* if he or she "returns to work as an Active Full-time Employee." (*See* Plan at 8, a copy of which is attached to the Speer Affidavit as Exhibit A). An "Active Full-time Employee" is defined as

> an employee who works for the Employer on a regular basis in the usual course of the Employer's business. The employee must work the number of hours in the Employer's normal work week. This must be at least the number of hours indicated in the Schedule of Insurance."

(Plan at 16). Thus, in order to be eligible for such benefits, plaintiff would have to have returned to work for his employer on a full-time basis. Plaintiff alleges, however, that he did not do so and has not worked since August 17, 2001. (Complaint, attached as Exhibit A to Notice of Removal, D.I. 1, ¶ 5). Because plaintiff never returned to work, he cannot have a Recurrent Disability as that term is defined in the Plan. Accordingly, his Complaint should be dismissed.

### B. Plaintiff's Complaint Should Be Dismissed Because His Claims Are Time Barred.

The law in Delaware is clear: a plaintiff has one year from the time he or she exhausts administrative remedies to bring a claim for denial of benefits under ERISA. *Syed v. Hercules Inc. Income Protection Plan*, 214 F.3d 155, 160-161 (3d Cir. 2000). There is no question that plaintiff failed to do so and, accordingly, his claim is barred by the applicable statute of limitations.

-3-

Plaintiff argues that his claim is timely because the Plan provides that legal action cannot be taken against Hartford "three years after the time Proof of Loss is required to be furnished under the terms of the policy." (Plan at 15). Plaintiff's argument is simply wrong.

Hartford had requested that plaintiff provide Proof of Loss on July 12, August 13, and August 20, 2004. (*See* Speer Aff. ¶ 6. *See also* October 7, 2004 letter, attached as Exhibit C to the Speer Affidavit (discussing prior requests for Proof of Loss)). The Plan provides that the Proof of Loss must be received "within 30 days of [Hartford's] request." (Plan at 37). Thus, plaintiff was required to provide Proof of Loss by August 13, 2004. Plaintiff failed to do so. As a result, the three year period relied upon by plaintiff would have expired on August 13, 2007, two months *before* he filed his complaint on October 12, 2007. Accordingly, his claim is time-barred.

Even if one were to assume that the three year period claimed by plaintiff did not begin to run until thirty (30) days after the final August 20 request for Proof of Loss, that period would have expired on September 20, 2007, weeks before plaintiff filed his complaint. Finally, even if one were to ignore the earlier requests for Proof of Loss and assume that the three year period did not begin to run until Hartford's final October 7, 2004, letter, plaintiff still waited until October 12, 2007 to file his complaint – three years and five days after the October 7, 2004 letter. Thus, even if a three year time limit applies, plaintiff's claims are still barred. Accordingly, plaintiff's complaint should be dismissed with prejudice.

**III.   CONCLUSION**

        Based on the foregoing, Hartford Life and Accident Insurance Company requests that this Court dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.[3]

Respectfully submitted,

/s/ Matthew A. Kaplan
Matthew A. Kaplan (#4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500
kaplanm@pepperlaw.com

Brian P. Downey
PEPPER HAMILTON LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
downeyb@pepperlaw.com

Dated:  March 6, 2008

*Attorneys for Defendants Hartford Life and Accident Insurance Company*

---

[3] Plaintiff's breach of contract claim is clearly preempted by ERISA, *see The 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir.1992), *cert. denied*, 506 U.S. 1086 (1993), and indeed, plaintiff concedes that this matter is governed by ERISA.  (*See* Answering Brief pp. 1, 3).  To the extent plaintiff is seeking leave to re-plead under Section 502(a)(1), Hartford would not oppose such a request, but because plaintiff failed to exhaust his administrative remedies and failed to file within the one-year statute of limitations, any re-pleading would be futile.

#9393279 v2

**CERTIFICATE OF SERVICE**

   I, Matthew A. Kaplan, hereby certify that on March 6, 2008, I caused a copy of the foregoing *Reply Brief of Defendant Hartford Life and Accident Insurance Company in Support of its Motion To Dismiss* to be served with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

    Brian E. Lutness, Esquire
    Silverman & McDonald
    1010 N. Bancroft Parkway, Suite 22
    Wilmington, DE  19805


    /s/ Matthew A. Kaplan
    Matthew A. Kaplan (#4956)