IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF DELAWARE

JOHN WATSON,                          :
                                      :
        Plaintiff,                    :
                                      :
    v.                                : Civil Action No. 08-013-JJF
                                      :
HARTFORD LIFE AND ACCIDENT            :
INSURANCE COMPANY,                    :
                                      :
        Defendant.                    :

Brian E. Lutness, Esquire of SILVERMAN MCDONALD & FRIEDMAN, Wilmington, Delaware.

Attorney for Plaintiff.

Brian P. Downey, Esquire of PEPPER HAMILTON, LLP, Harrisburg, Pennsylvania.
Matthew A. Kaplan, Esquire of PEPPER HAMILTON, LLP, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

December 9, 2008
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6). (D.I. 3.) For the reasons discussed, the Court will grant Defendants' Motion.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, John Watson, alleges that he became disabled after a work-related injury in 2001. (D.I. 13 at 2.) At the time of his injury, Plaintiff held disability insurance coverage with Defendant, Hartford Life and Accident Insurance Company ("Hartford"), pursuant to an employment benefits plan (hereinafter "the Plan," D.I. 5 at Exh. A). Plaintiff alleges that, pursuant to the Plan, Hartford began making total disability payments on January 18, 2003, and that these were reduced in July 2004, to offset payments from Social Security. (D.I. 13 at 2.) On July 12, August 13, and August 20, 2004, Hartford made requests for documentation of Plaintiff's medical condition. (D.I. 14 at 4.) Hartford terminated Plaintiff's benefits on October 4, 2004, when he was unable to provide the medical documentation Hartford required. (D.I. 13 at 2.) Plaintiff further alleges that he was unable to provide such documentation because of an inability to access medical care. (Id.) Plaintiff alleges that this lack of medical care prevented him from appealing Hartford's denial of his benefits within 180 days, as required by the Plan. (Id.)

1

On September 7, 2005, Plaintiff's attorney sent a letter to Hartford (the "September 7, 2005 Letter") asserting that Plaintiff had recently submitted proof of claim documents to show he was then disabled. (D.I. 5, Exh. C at 2.) Plaintiff alleges that Hartford never responded to this letter. (D.I. 13 at 2, 5.)

On October 12, 2007, Plaintiff filed a breach of contract action in the Delaware Superior Court alleging that Hartford wrongfully terminated the total disability benefits he was allegedly due under the Plan. (D.I. 1 at Exh. A; D.I. 13 at 2.) Hartford removed the action to this Court on the basis of federal question jurisdiction on January 7, 2008. (D.I. 1 at ¶¶ 3-11.) Hartford then filed the present Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 3.)

**II. STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the complaint's allegations. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A complaint must

2

contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Twombly at 1965 (citations omitted). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips at 235 (quoting Twombly, 127 S. Ct. at 1965 n. 3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234.

**III. Discussion**

    A.   Whether Plaintiff's State Law Claims Are Expressly or Completely Preempted by ERISA.

By its Motion, Hartford contends that Plaintiff's action should be dismissed pursuant to § 514(a) of ERISA, which contains an express provision that ERISA "shall supersede any and all

3

State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). In response, Plaintiff contends that his claims fall under the doctrine of complete preemption, and that, because the relief he seeks under state law is that which ERISA provides, his state law claims should be converted to federal claims.

Even where a claim for denial of insurance benefits has been couched in terms of common law breach of contract, such a claim is expressly preempted by § 514(a). Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir. 2001). However, if a state law claim that would normally be expressly preempted by § 514(a) falls entirely within a federal cause of action, it necessarily arises under federal law and is therefore completely, rather than merely expressly, pre-empted. Id. at 271. "If a claim based on state law is completely preempted . . . it is treated as a federal claim; a district court has federal question removal jurisdiction to entertain it, and the claim, after removal, should go forward in the district court as a federal claim." Wood v. Prudential Ins. Co. of America, 207 F.3d 674, 682 (3d Cir. 2000). State claims to recover benefits due under an ERISA plan are completely preempted by ERISA § 502(a). See In re U.S. Healthcare, 193 F.3d 151, 161 (3d Cir. 1999).

Section 502 of ERISA provides a federal cause of action to recover benefits due under an ERISA plan. 29 U.S.C.A. §

4

1132(a)(1)(B). As Plaintiff seeks to recover disability insurance benefits he alleges are due under an ERISA plan, the Court concludes that Plaintiff's claim falls entirely within a federal cause of action, and is thus, completely preempted by ERISA. The Court will therefore convert Plaintiff's state law claims into federal claims for relief under § 502(a) of ERISA. Wood, 207 F.3d at 682.

    B.    <u>Whether Plaintiff's ERISA Claims are Time-Barred.</u>

By its Motion, Hartford contends that Plaintiff's claims should be dismissed because they are time-barred. The limitations period for ERISA actions is derived from the "most closely analogous state statute of limitations." <u>Syed v. Hercules Inc.</u>, 214 F.3d 155, 160 (3d Cir. 2000). For ERISA actions arising out of events occurring in Delaware, a one year limitations period applies. <u>Id</u>. at 161 (relying on 10 Del. C. § 8111). The limitations period in an ERISA case begins to run when a potential plaintiff has exhausted all administrative remedies or when the period during which such remedies may be asserted has elapsed. See <u>Stafford v. E.I. Dupont De Nemours</u>, 27 Fed. Appx. 137, 140-141 (3d Cir. 2002). A contractual provision which purports to create a longer limitations period than that allowed by statute is invalid under Delaware law. See <u>Shaw v. Aetna Life Ins. Co.</u>, 395 A.2d 384, 386-387 (Del. Super. Ct. 1978) ("[A] contractual period of limitations which attempts to

lengthen or extend the period otherwise contained in a statute violates . . . public policy. . . . Two parties contracting between themselves cannot agree to circumvent the law as mandated by the legislature in its attempt to protect the public interests."); 16 Couch on Ins. § 235:5.

      1.    *Whether Plaintiff's Claim for Disability Benefits Dating to September 2002 is Time-Barred.*

Hartford contends that the one year limitations period for filing a claim for denial of benefits under ERISA expired on August 13, 2004, thirty days after its first request for documentation of Plaintiff's loss. Hartford further contends that even if the Court accepts that the Plan provides for a three-year limitations period, the latest date Plaintiff could have filed a claim was September 20, 2007, three years and thirty days after Hartford's last request for documentation. In response, Plaintiff contends that his claim is timely because a three year limitations period began on April 5, 2005.

The Court agrees with Hartford that this claim is untimely. Hartford denied Plaintiff's benefits by letter dated October 7, 2004, and informed him that he had 180 days from his receipt of the letter to file an appeal. Plaintiff did not file any such appeal, which would have been due on or around April 5, 2005. Because the one-year limitations period under Delaware law applies to an ERISA claim, Syed, 214 F.3d at 161, and this limitation period begins to run after the Plan-mandated appeals

6

period expires, the Court concludes that the one-year limitations period for Plaintiff's claim expired on or about April 3, 2006. Plaintiff filed this action on October 12, 2007.[1] Accordingly, the Court concludes that Plaintiff's claim for disability benefits beginning in September 2002 is time-barred.

        2.    *Whether Plaintiff's Claim for Recurrent Disability Should Be Dismissed*

Plaintiff contends that the September 7, 2005 Letter contains a demand for disability benefits under the "Recurrent Disability" provision of the Plan. Because Hartford did not respond to this letter, Plaintiff contends that he was not provided with any opportunity to exhaust administrative remedies, and therefore, his Recurrent Disability claim should not be dismissed.

In response, Hartford contends that the Plan provides that an employee can collect benefits for "Recurrent Disability" only if he or she has, after an initial period of disability, returned to full-time work and then again becomes disabled. Plaintiff's

---

[1] In the alternative, the Court concludes that dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies. Gambino v. Arnouk, 232 Fed. Appx. 140, 147 (3d Cir. 2007). Plaintiff failed on three occasions to timely submit the documentation requested by Hartford, and Plaintiff did not timely appeal the termination of his benefits. Bennett v. Prudential Ins. Co., 192 Fed. Appx. 153, 156 (3d Cir. 2006) (affirming dismissal of ERISA claim where plaintiff failed to file an administrative appeal). Moreover, Plaintiff has failed to make a "clear and positive showing" that pursuit of his administrative remedies would be futile. Id.

7

Complaint alleges that since August, 2001, Plaintiff has been "totally disabled from all work." (D.I. 1 at Exh. A ¶ 5.) Based on this allegation, Hartford contends that Plaintiff cannot satisfy the criteria for stating a "Recurrent Disability" claim.

The Court has reviewed the September 7, 2005 letter which Plaintiff contends asserts a claim under the "Recurrent Disability" provision of the Plan, and concludes that in the circumstances of this case, the letter cannot reasonably be construed as asserting such a claim. The focus of the letter is on Hartford's efforts to collect money it contended was owed to it by Plaintiff. In the last paragraph of the letter, Plaintiff's counsel wrote:

> In addition, my client has recently sent your client, Hartford Life, documentation that he is not totally disabled and is still eligible for benefits under the Hartford policy. Based upon this, I believe your client should begin crediting off the amount due on a monthly basis to the amount of my client's total disability payments.

(D.I. 5; Exh. D at 2, emphasis added.)

If anything, this letter suggests that Plaintiff made an attempt to comply with the proofs previously requested of him, but at a time well beyond the compliance period. The letter makes no mention of a recurrence of any disability.

Moreover, even if the letter can be construed as a claim for "recurrent disability," the Court concludes that Plaintiff has failed to state a claim for relief. The Plan provides that a

8

participant has a "Recurrent Disability" only if he or she "returns to work as an Active Full-time Employee. An "Active Full-time Employee" is defined as:

> an employee who works for the Employer on a regular basis in the usual course of the Employer's business. The employee must work the number of hours in the Employer's normal work week. This must be at least the number of hours indicated in the Schedule of Insurance.

(D.I. 5; Exh. A at 16.) In this case, however, Plaintiff's Complaint expressly alleges that he was injured in a work accident on or about August 17, 2001, and since that date "has been totally disabled form [sic] all work." (D.I., Exh. A at ¶ 5). Accepting the allegations of Plaintiff's Complaint as true, Plaintiff cannot satisfy the criteria required to assert a claim of Recurrent Disability under the Plan. Accordingly, the Court will dismiss Plaintiff's Recurrent Disability claim.

### IV. Conclusion

For the reasons discussed, the Court will grant Defendants' Motion to Dismiss.

An appropriate order will be entered.